# UNITED STATES DISTRICT COURT
for the
Southern District of California

In the Matter of the Search of )
*(Briefly describe the property to be searched or identify the person by name and address)* )
Accurate Tracker )
352672103515540 )
2022250300043001 )

Case No. '22 MJ3467

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the   Southern   District of   California  , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| United States Code, Sections 952, 960 and 963 | Importation of methamphetamine and conspiracy to import the same |

The application is based on these facts:
See Affidavit.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Richard Lopez, Special Agent, HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 09/21/2022

*Judge's signature*

City and state: San Diego, CA     Hon. Mitchell D. Dembin, United States Magistrate Judge
*Printed name and title*

# ATTACHMENT A

PROPERTY TO BE SEARCHED

The property to be searched in connection with an investigation of violations of Title 21, United States Code Sections 841, 846, 952, 960, and 963 is described below:

| | |
|---|---|
| One | GPS Tracker |
| Make: | Accurate Tracker |
| IMEI: | 352672103515540 |
| FP&F No. | 2022250300043001 |

The **Target Device** is currently in the possession of Homeland Security Investigations-ASAC Calexico located at 2051 N. Waterman Avenue, Suite 100, El Centro, California 92243.

# **ATTACHMENT B**

## ITEMS TO BE SEIZED

Authorization to search the **Target Device** described in Attachment A includes the search of disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the SIM Card(s) for evidence described below. The seizure and search of the **Target Device** will be conducted in accordance with the affidavit submitted in support of the warrant.

The evidence to be seized from the **Target Device** will be electronic records, communications, and data such as location data, for the period of March 7, 2022, up to and including April 7, 2022:

a. tending to indicate efforts to import methamphetamine or other controlled substances from Mexico into the United States;

b. tending to identify facilities and/or locations used to facilitate the importation of methamphetamine or other controlled substances from Mexico into the United States;

c. tending to identify travel to or presence at locations involved in the importation of methamphetamine or other controlled substances from Mexico into the United States, such as stash houses, load houses, or delivery points;

d. tending to identify travel to or presence at locations involved in efforts to deliver controlled substances from Mexico to the United States, or to traffic, sell or distribute controlled substances in the United States;

e. tending to identify the user of, or persons with control over or access to, the **Target Device**; or

f. tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the activities described above

**which are evidence of violations of Title 21, United States Code, Sections 952, 960, and 963**.

# AFFIDAVIT

I, Richard Lopez, Special Agent with Homeland Security Investigations ("HSI"), having been duly sworn, hereby state as follows:

## INTRODUCTION

1. I submit this affidavit in support of an application for a warrant to search the following electronic device(s):

GPS Tracker
Make:        Accurate Tracker
IMEI:         352672103515540
FP&F No.   2022250300043001
("**Target Device**")

as further described in Attachment A, and to seize evidence of crimes, specifically violations of Title 21, United States Code, Sections 952, 960 and 963 as further described in Attachment B. The requested warrant relates to the investigation and prosecution of Jorge Ismael Venegas-Lopez ("VENEGAS") for importing approximately 73.84 kilograms (162.78 pounds) of methamphetamine from Mexico into the United States. (See United States v. Jorge Ismael VENEGAS-Lopez, 22cr1017-LL.) The **Target Device** is currently in the possession of the Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations (ASAC Calexico, California), located at 2051 N. Waterman Avenue Suite 100, El Centro, California 92243.

2. The information contained in this affidavit is based upon my training, experience, investigation, and consultation with other members of law enforcement. Because this affidavit is made for the limited purpose of obtaining a search warrant for the **Target Device**, it does not contain all the information known by me or other agents regarding this investigation. All dates and times described are approximate.

## EXPERIENCE AND TRAINING

3. I am an investigative or law enforcement officer within the meaning of 18 U.S.C. § 2510(7); that is, an officer of the United States, who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in 18 U.S.C. § 2516. I am a Special Agent with the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), Homeland Security Investigations ("HSI"), and have been so employed since November 2018. I am currently assigned to the Assistant Special Agent in Charge ("ASAC") Calexico, California Office, Imperial Valley Border Enforcement Security Task Force ("IV-BEST"). I am cross-designated with the Drug Enforcement Administration ("DEA") and have the authority to conduct Title 21 investigations and enforcement activities. I have been involved with investigations for Title 21 offenses and am familiar with the Interagency Cooperation Agreement between DEA and ICE.

4. I have had formal and on-the-job training in controlled substance investigations, and I am familiar with the manner in which controlled substances, including cocaine, are imported, often into the United States from Mexico, packaged, marketed, sold, and consumed. Before HSI, I was employed as a police officer with the El Centro Police Department in El Centro, California between 2008 and 2018. Between April 2014 and October 2014, I was a Task Force Officer ("TFO") for IV-BEST, during which I participated in Title-III wiretap investigations involving the importation and distribution of controlled substances. I attended a six-month full-time Police Academy at the Ben Clark Public Safety Training Center in Riverside, California and graduated in April 2009. During the academy, I completed 12 hours of training specialized in crimes involving criminal substances. During my career, I have received specialized training in the subject of narcotics investigations from federal and state law enforcement agencies such as the DEA and HSI. For example, I have completed an academy class at the Federal Law Enforcement Training Center (FLETC) in Glynco, GA, from which I graduated in June 2019. I have also received on-the-job training from my supervisors and colleagues.

I have also had numerous discussions with senior law enforcement officers and agents, within my agency and others concerning controlled substances crimes and criminal activity. Through these conversations, I have been able to familiarize myself with the terminology used by drug-trafficking organizations (DTOs) specializing in cross-border Mexico-to-U.S. smuggling methods.

5.  During my employment, I have investigated and participated in the investigation of illicit controlled substance trafficking occurring in the United States and Mexico. I have participated in multiple investigations for controlled substance violations. During narcotics investigations, I have used a variety of investigative techniques and resources, including physical and electronic surveillance, undercover and confidential source buy operations, pen trap and trace devices, Title-III wiretaps, search warrants, and the analysis of telephone records. Further, I have participated in investigations in which drug traffickers relied heavily upon telephone communication and other electronic devices as a means of communicating. Finally, I have been trained in interviewing individuals who have been directly and indirectly involved in the importation, transportation, distribution and manufacturing of illegal drugs and controlled substances.

6.  Based on my training and experience, and conversations with other law enforcement officer experienced in narcotics trafficking investigations, and all the facts and opinions set forth in this affidavit, I am aware that GPS Tracking Devices (including their SIM card(s) can and often do contain electronic evidence, including, for example, location data. This information can be stored within disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the SIM card(s). Specifically, searches of SIM Card(s) of devices found in the vehicle or on a person used in the importation of narcotics may yield evidence:

    a.  Tending to indicate efforts to import controlled substances form Mexico into the United States;

    b.  Tending to identify facilities and/or locations used to facilitate the importation of controlled substances from Mexico into the United States;

3

    c.    Tending to identify travel to or presence at locations involved in the importation of controlled substances from Mexico into the United States, such as stash houses, load houses, or delivery points.

    d.    Tending to identify the user of, or persons with control over or access to, the **Target Device**; and/or

    e.    Tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the activities described above.

## FACTS SUPPORTING PROBABLE CAUSE

7.    On April 7, 2022, at approximately 12:20 a.m., Customs and Border Protection Officer ("CBPO") Garcia was conducting pre-primary inspections at the Calexico, California West Port of Entry ("POE") along with Canine Enforcement Officers ("CEO") Jones and Valadez. CEO Jones targeted a red 2004 Ford F-150 bearing California license plate #99538E3. CEO Jones tapped on the trucks gas tank and could hear the tank sounded solid. CEO Valdez screened the F-150 utilizing his Human Narcotics Detection Dog ("HNDD") Joy. CEO Valadez noted Joy alerted under the driver side of the truck and the spare tire. CEO Valadez tapped the spare tire and noticed it was solid. CEO Valadez informed CBPO Garcia of the alert and the spare tire being solid. The driver of the vehicle, identified as Jorge Venegas-Lopez ("VENEGAS"), said he had nothing to declare.

8.    A Z-Portal X-ray of the Ford F-150 revealed anomalies in the fuel tank, spare tire and exhaust.

9.    CBPO Diaz cut open the spare tire and retrieved 55 packages containing a crystal-like substance. 93 packages containing a crystal-like substance were retrieved from the gas tank. A sample of the substance contained within the packages field tested positive for the characteristics of methamphetamine. The crystal-like substance tested positive for methamphetamine. The total weight of the 148 packages was 73.84 kilograms (162.78 pounds). CBPO Diaz placed VENEGAS under arrest.

4

10. A CBPO located and retrieved an Accurate Tracker Global Positioning System ("GPS") tracking device (IMEI: 352672103515540) from below the steering wheel near the gearshift of the Ford F 150.

11. Based upon my experience and training, consultation with other law enforcement officers experienced in narcotics trafficking investigations, and all the facts and opinions set forth in this affidavit, I believe that GPS locations and other digital information are stored in the memory of the **Target Device.** In light of the above facts and my experience and training, there is probable cause to believe that VENEGAS was using the **Target Device** to be tracked by others to further the importation of illicit narcotics into the United States. Further, in my training and experience, narcotics traffickers may be involved in the planning and coordination of a drug smuggling event in the days and weeks prior to an event. Co-conspirators are also often aware of a defendant's arrest and will continue to attempt to locate the device after their arrest to determine the whereabouts of the narcotics. Based on my training and experience, it is also not unusual for individuals, such as VENEGAS, to attempt to minimize the amount of time they were involved in their smuggling activities, and for the individuals to be involved for weeks and months longer than they claim. Accordingly, I request permission to search the **Target Device** for data beginning on March 7, 2022, up to and including April 7, 2022.

## **METHODOLOGY**

12. It is not possible to determine, merely by knowing the GPS tracker make, model and serial number, the nature and types of services to which the device is subscribed and the nature of the data stored on the device. For that reason, the device may only be powered in a secure environment. Current technology provides some solutions for acquiring some of the data stored in some SIM Card models using forensic hardware and software. Even if some of the stored information on the device may be acquired forensically, not all of the data subject to seizure may be so acquired. For devices that are not subject to forensic data acquisition or that have potentially relevant

data stored that is not subject to such acquisition, the examiner must inspect the device manually and record the process and the results using digital photography. This process is time and labor intensive and may take weeks or longer.

13. Following the issuance of this warrant, I will collect the **Target Device** and subject it to analysis. All forensic analysis of the data contained within the **Target Device** and its memory cards will employ search protocols directed exclusively to the identification and extraction of data within the scope of this warrant.

14. Based on the foregoing, identifying and extracting data subject to seizure pursuant to this warrant may require a range of data analysis techniques, including manual review, and, consequently, may take weeks or months. The personnel conducting the identification and extraction of data will complete the analysis within ninety (90) days, absent further application to this court.

## PRIOR ATTEMPTS TO OBTAIN THIS EVIDENCE

15. Law enforcement has not previously attempted to obtain the evidence sought by this warrant.

//

//

//

//

//

//

//

//

//

//

6

## CONCLUSION

16. Based on the facts and information set forth above, I submit there is probable cause to believe that a search of the Target Device will yield evidence of VENEGAS violations of Title 21, United States Code, Sections 952, 960 and 963. Accordingly, I request that the Court issue a warrant authorizing law enforcement to search the item described in Attachment A and seize the items listed in Attachment B using the above-described methodology.

I swear the foregoing is true and correct to the best of my knowledge and belief.

_____
Richard Lopez
Special Agent
Homeland Security Investigations

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this 21st day of September, 2022.

_____
Honorable Mitchell D. Dembin
United States Magistrate Judge

7